UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECHOSENS, S.A., | Case No.: 3:26-cv-00829-RBM-JLB |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH SUBPOENA** |
| E-SCOPICS S.A.S., | |
| Defendant. | **[ECF No. 1]** |

Before the Court is Third Party Kevin Murrey's ("Mr. Murrey") Motion to Quash the Subpoena. (ECF No. 1.) Mr. Murrey asks the Court to quash the subpoena served on him by Plaintiff Echosens ("Plaintiff") in a case currently pending in the United States District Court for the District of Massachusetts, *Echosens S.A. v. E-Scopics S.A.S.*, No. 24- cv-11373-ADB (the "Massachusetts action") pursuant to Federal Rules of Civil Procedure 45(d)(3)(A). (*Id.*) For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

## I.      BACKGROUND

Plaintiff, a French medical device company, commenced a patent infringement case against its direct competitor, French company E-Scopics S.A.S. ("Defendant"), in the United States District Court for the District of Massachusetts. (EFC No. 1-2 at 4.) Plaintiff

1

contends that Defendant infringes U.S. Patent Nos. 11,690,592 and 11,980,497. (*Id.*) Both patents relate to Plaintiff's product, the FibroScan.

Mr. Murrey is a former employee of Plaintiff's and a former contractor of Defendant's. (*Id.* at 7.) Mr. Murrey was employed by Plaintiff from 2018 to 2019 and from 2020 to 2022; he was later employed by Defendant from 2023 to 2025. (ECF No. 3 at 14.) He was Defendant's only United States-based sales employee from November 2023 to February 2025. (*Id.* at 6.) Mr. Murrey authored and published LinkedIn posts referencing United States activities involving the accused product, the Hepatoscope. (*Id.* at 7.) Mr. Murrey asserts that he voluntarily deactivated his personal LinkedIn profile in 2025. (*Id.*)

On December 21, 2025, Mr. Murrey, a resident of San Diego, was served with a subpoena for documents and testimony in the Massachusetts action. (EFC No. 1-2 at 4.) Plaintiff seeks nine categories of documents and corresponding deposition testimony from Mr. Murrey, namely:

(1) Request No. 1 seeks all documents and communications relating to any demonstrations of the Hepatoscope at trade shows, conferences, or other events.

(2) Request No. 2 seeks all documents and communications relating to the marketing, promotion, and/or sale of the Hepatoscope device.

(3) Request No. 3 seeks all documents and communications from the period during which Mr. Murrey worked for Defendant that mention or discuss any product offered by Plaintiff.

(4) Request No. 4 seeks all documents and communications relating to the patents-in-suit or to this action.

(5) Request No. 5 seeks all documents and communications relating to any social media content concerning the Hepatoscope that Mr. Murrey created, posted, shared, or commented on, including communications regarding requests or directions to modify, delete, or remove such content, and documents sufficient to show any deletion, modification, or removal of that content.

(6) Request No. 6 seeks all of Mr. Murrey's LinkedIn posts relating to the Hepatoscope and/or Defendant.

3:26-cv-00829-RBM-JLB

(7)    Request No. 7 seeks documents sufficient to show Mr. Murrey's preservation, deletion, and/or retention of documents and communications relating to the Hepatoscope and/or Defendant.

(8)    Request No. 8 seeks any documents retained by Mr. Murrey after his employment with Plaintiff ended that were created by or on behalf of Plaintiff or that relate to Plaintiff.

(9)    Request No. 9 seeks all documents and communications relating to Mr. Murrey's recruitment and hiring by Defendant and to his departure from Defendant's employ.

(ECF No. 3-2 at 62.)  On January 19, 2026, Mr. Murrey responded to Plaintiff's document requests, confirming that he had no relevant and responsive documents to produce.  (ECF Nos. 1-2 at 4; 1-4.)  Mr. Murrey's deposition was noticed for January 27, 2026.  (*Id*. at 55.)

On January 20, 2026, Mr. Murrey's served objections to the subpoena including: (1) that the requests called for information not within Mr. Murrey's possession, custody or control; and (2) that Mr. Murrey had no responsive documents.  (ECF No. 1-4 at 6-12.)

On February 10, 2026, Mr. Murrey filed his Motion to Quash Subpoena.  Plaintiff timely filed its opposition[1] (ECF No. 3) and Mr. Murrey duly replied (ECF No. 6).

## II.    LEGAL STANDARD

"[P]re-trial discovery is ordinarily accorded a broad and liberal treatment."  *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (internal quotations and citation omitted).  "This broad right of discovery is based on the general principle that litigants have a right to 'every man's evidence,' *United States v. Bryan*, 339 U.S. 323, 331 (1950), and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth."  *Id*.

---

[1] In its opposition Plaintiff acknowledged that Mr. Murrey has responded to the *duces tecum* portion of the subpoena and accepted at face value the representation from Mr. Murrey's counsel that Mr. Murrey has no documents to produce.  (ECF. No. 2 at fn. 2.) However, Plaintiff reserved the right to question Mr. Murrey "about whether he has documents and steps taken to search for and retrieve documents."  *Id.*

3:26-cv-00829-RBM-JLB

Rule 45 of the Federal Rules of Civil Procedure authorizes a party to issue a subpoena to command a non-party to produce designated documents, electronically stored information, or tangible things in its possession, custody or control.  *See* Fed. R. Civ P. 45(a)(1)(A)(iii).  "A subpoena issued under Rule 45 must be relevant to the party's claim. The party seeking to compel discovery has the burden of establishing it meets the relevance requirement of Rule 26."  *Blue Line Foodservice Distribution, Inc. v. Cathcart*, No. 24-cv-1250-W-MMP, 2025 WL 3496499, at *6 (S.D. Cal. Dec. 4, 2025) (citations omitted). Pursuant to Federal Rule Civil Procedure 45(d)(3), "on timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter. . . or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).

"In determining whether a subpoena poses an undue burden, courts must weigh the burden imposed on the party subject to the subpoena, the relevance of the information sought to the claims or defenses at issue, the breadth of the discovery request, and the litigant's need for the information."  *In re Insogna*, No. 3:19-cv-1589-LAB-AHG, 2020 WL 85487, at *2 (S.D. Cal. Jan. 3, 2020) (internal quotations and citations omitted).

The Ninth Circuit has held that "[w]hile discovery is a valuable right and should not be unnecessarily restricted," necessary restrictions may be broader when it comes to non-parties so as to protect them from harassment, inconvenience, or disclosure of confidential documents.  *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980). As such, subpoenas should be tailored, appropriately limited in scope, and not overbroad. *See Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003).

**III.   DISCUSSION**

Mr. Murrey asks the Court to quash the Rule 45 subpoena because the testimony and information sought by it is cumulative and duplicative of discovery Plaintiff is seeking from Defendant.  (ECF No. 1-2 at 13.)   Relatedly, Mr. Murrey asserts that: (1) any additional information sought regarding the proposed topics can be found in the documents possessed by each party; and (2) any additional testimony can be elicited from current

employees or corporate representatives of Defendant.  (*Id.*)  Further, Mr. Murrey argues that some of Plaintiff's deposition topics demonstrate an attempt to seek testimony from an unretained expert, in violation of Rule 45(c)(3)(B)(ii).  (*Id.* at 14.)

In opposition, Plaintiff argues that Mr. Murrey's motion to quash should be denied because he has relevant information regarding: (1) Defendant's sales, market, and marketing in the United States, (2) his deletion of relevant LinkedIn posts, and (3) his discussions with Defendant regarding Plaintiff's intellectual property.  (ECF No. 3 at 5.) Plaintiff contends that the burden imposed on Mr. Murrey is minimal as it has agreed to limit the deposition to four hours.  (*Id.*)

The Court will first discuss Mr. Murrey's request to quash the production of documents, electronically stored information ("ESI"), or tangible things in his possession before turning to the question of whether he may be excused from providing deposition testimony.

## A.   **Document Requests**

Discovery may be obtained regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  *Skyline Wesleyan Church v. Cal. Dep't of Managed Health Care*, 322 F.R.D. 571, 583 (S.D. Cal. 2017) (quoting Fed. R. Civ. P. 26(b)(1)).  Relevancy is not without limits—it does have "ultimate and necessary boundaries."  *Doherty v. Comenity Capital Bank & Comenity Bank,* No. 16cv1321-H-BGS, 2017 WL 1885677, at *2 (S.D. Cal. May 9, 2017).  Propounding appropriate discovery requires "lawyers to size and shape their discovery requests to the requisites of a case while eliminating unnecessary or wasteful discovery."  *Meyer v. Cnty. of San Diego*, No. 3:21-cv-0341-RSH (BLM), 2025 WL 776192, at *2 (S.D. Cal. Mar. 11, 2025) (internal quotations and citations omitted).  "District courts have broad discretion in determining relevancy for discovery purposes."  *Pizzuto v. Tewalt,* 136 F.4th 855, 868 (9th Cir. 2025) (quoting *Surfvivor Media, Inc., v. Survivor Prods.,* 406 F.3d 625, 635 (9th Cir. 2005)).

3:26-cv-00829-RBM-JLB

### 1. Requests 1 and 2 – Regarding Defendant's Hepatoscope, Including Sales, Market, and Marketing/Promotion in the United States.

Plaintiff seeks any documentation in Mr. Murrey's possession that analyzed or discussed the market and competition surrounding Defendant's Hepatoscope. Plaintiff believes that Mr. Murrey is the only United States-based employee of Defendant's involved in sales and marketing from November 2023 to February 2025. (ECF No. 3 at 12.) Plaintiff argues that such marketing and sales materials are relevant to damages. (*Id.* at 14.)

In opposition, Mr. Murrey asserts that the information being sought relating to the marketing, promotion, and sales of the Hepatoscope would be duplicative of information already provided by Defendant. Mr. Murrey claims there is no reason to believe that he possesses unique information, not otherwise in the possession of Defendant. (ECF No. 1- 2 at 11.)

First, as Plaintiff correctly points out, there is no requirement to exhaust party discovery before pursuing relevant third-party discovery. (ECF No. 3 at 19.); *See* Fed. R. Civ. P. 26 and 45 (no express limitation on obtaining third party discovery). Consistent with the liberal discovery principles followed by the Ninth Circuit, this Court finds that the burden imposed by this request is proportional when weighed against the value of discovery related to Defendant's sales, market, and marketing in the United States. For example, Mr. Murrey may be in possession of facts regarding these topics that Plaintiff could use to establish its lost profits and damages in the underlying case. Moreover, the requests are appropriately limited in scope.

To the extent that Mr. Murrey is asserting he has either produced all relevant documents or has no responsive documents within his possession related to these topics, Plaintiff's request imposes no burden on Mr. Murrey.

Accordingly, the Court determines that Mr. Murrey must produce responsive documents, ESI, or other tangible things in his possession in response to these topics. Mr. Murrey's motion to quash this portion of the subpoena is, therefore, **DENIED**.

3:26-cv-00829-RBM-JLB

## 2.    *Requests 3, 5, 6, and 7 – Regarding Mr. Murrey's Communications Relating to Defendant's Product Offerings*

Plaintiff argues that Mr. Murry's LinkedIn posts contained information regarding Defendant's marketing and interactions with its customers and potential customers. (ECF No. 3 at 15-18.)  In opposition, Mr. Murrey contends that any information regarding his LinkedIn page is irrelevant, pointing to Defendant's own LinkedIn Page's continued availability and accessibility to the public. (ECF. No 1-2 at 11-12.)  Plaintiff has the persuasive position.

Any marketing information and communications regarding Defendant's product offerings posted on Mr. Murrey's LinkedIn account is relevant to the Massachusetts action. Indeed, Mr. Murrey's postings are even referenced in the Amended Complaint. (ECF No. 1-7 at 14, 28.)  Plaintiff's contention that Mr. Murrey's LinkedIn postings are indicative of his strong relationship with Scripps Health Hepatology (*see* ECF No. 3 at 16-17) is persuasive. *See MECM Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1379 (Fed. Cir. 2005) ("[e]vidence of active steps taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe.") (citation omitted).  Any instructions or product information Mr. Murrey provided to Scripps Health Hepatology are relevant to Plaintiff's indirect infringement claims.  Similarly, other messages Mr. Murrey had with customers and potential customers regarding the Hepatoscope would also be relevant.  Thus, the Court finds the information sought via requests 3, 5 and 7 is relevant as it relates to indirect infringement and damages.

Additionally, Plaintiff seeks to discover whether Mr. Murrey was instructed to preserve all relevant material, whether he provided documents or materials to Defendant prior to his departure, when he deleted the LinkedIn posts, and what information he shared with Defendant about the deletion, including whether Defendant directed or otherwise condoned the deletion.  These requests are relevant and proportional to the needs of the case.

And, to the extent that Mr. Murrey is asserting he has either produced all relevant documents or has no responsive documents within his possession related to these topics, Plaintiff's request has created no burden.

Accordingly, the Court determines that Mr. Murrey must produce responsive documents, ESI, or other tangible things in his possession in response to these topics. Mr. Murrey's motion to quash this portion of the subpoena is, therefore, **DENIED**.

### 3. Request 4 - Mr. Murrey's Communications with Defendant Regarding Plaintiff's Intellectual Property

As to any purported sharing of information regarding Plaintiff's intellectual property, including its patent portfolio, Plaintiff maintains that this is relevant to its willful and indirect infringement claims against Defendant. (ECF No. 3 at 14). Relatedly, Plaintiff argues that, assuming the intellectual property information was shared, Mr. Murrey may have information as to what, if anything, Defendant did once in possession of it. (*Id.* at 15.)

Countering, Mr. Murrey contends that he does not have unique knowledge on the topic of the underlying patents and that it is unclear why Plaintiff is seeking this information from him. (ECF No. 1-2 at 12.) He further argues that discovery on this topic has been requested from Defendant. (*Id.* at 12.)

Any discussions Mr. Murrey had with Defendant regarding Plaintiff's intellectual property are relevant to the Massachusetts action. Mr. Murrey was employed by Plaintiff from 2018 to 2019 and from 2020 to 2022, including the time the patents at issue here were filed, specifically in September 2022 and October 2023. The two patents are part of a larger patent family with the first patent application having been filed in March 2018 and issued in May 2022. (ECF No. 3 at 15). Mr. Murrey's periods of employment overlapped with the building of Plaintiff's patent portfolio; therefore, it is not unreasonable for Plaintiff to inquire into whether Mr. Murrey acquired information regarding the patents in suit prior to his employment with Defendant and shared any such knowledge with Defendant. This information would be relevant to willfulness and damages Plaintiff is seeking. *See Halo v*

8

*Elecs, Inc. v. Pulse Elecs, Inc.,* 579 U.S. 1923, at 103-04 (2016) (enhanced damages are "a punitive or vindictive sanction for egregious infringement behavior" warranted by conduct such as "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant"). Additionally, Plaintiff has narrowly tailored its request and is only seeking documents and communications related to the patents in suit.  Thus, the Court finds the information sought via request 4 to be relevant and proportional to the needs of the case.

And, to the extent that Mr. Murrey is asserting he has either produced all relevant documents or has no responsive documents within his possession related to this topic, Plaintiff's request has created no burden.

Accordingly, the Court determines that Mr. Murrey must produce responsive documents, ESI, or other tangible things in his possession in response to this topic.  Mr. Murrey's motion to quash this portion of the subpoena is, therefore, **DENIED**.

> **4.    *Request 8 – Regarding Documents Created by, or on Behalf of, Plaintiff Retained by Mr. Murrey After Leaving Plaintiff's Employment***

Plaintiff's request 8 seeks documents retained by Mr. Murrey after his departure from the company that were created by, or on behalf of, or relate to Plaintiff.  (ECF No. 1-2 at 8.)  Plaintiff highlights the fact that Mr. Murrey has never stated under oath whether he retained any of Plaintiff's documents and that he would be the best person to confirm this due to his personal knowledge.  (*Id.* at 18-19.)

Taking the opposing position, Mr. Murrey argues that the requested documents are irrelevant and burdensome.  (ECF 1-2 at 12.)  And Mr. Murrey asserts they are presumably available to Plaintiff.  (*Id.* at 12.)  Relatedly, he maintains relevance has not been established as no allegations have been made that Mr. Murrey improperly removed Plaintiff's documents when he departed the company or that he shared them with Defendant.  (*Id.*)

Mr. Murrey worked for Plaintiff before leaving to work for its primary competitor selling the alleged infringing product.  While working for Plaintiff, Mr. Murrey may have

3:26-cv-00829-RBM-JLB

been privy to confidential materials related to the patents in suit and the marketing of practicing products.  Plaintiff is simply seeking to establish whether Mr. Murrey has retained such documents.  Thus, the Court concludes that its request is proportional and relevant as it relates to Plaintiff's infringement claims.

To the extent that Mr. Murrey is asserting he has either produced all relevant documents or has no responsive documents within his possession related to this topic, Plaintiff's request has created no burden.  Mr. Murrey can simply state under oath that he has conducted a reasonable review and has no responsive documents.

Accordingly, the Court determines that Mr. Murrey must produce responsive documents, ESI, or other tangible things in his possession responsive to this topic.  Mr. Murrey's motion to quash this portion of the subpoena is, therefore, **DENIED**.

### 5.    *Request 9 –Regarding Mr. Murrey's Employment with, and Departure from Defendant.*

In request 9, Plaintiff seeks documents and communications relating to Defendant's recruitment, hiring and termination of Mr. Murrey.  (*Id.*)  Plaintiff makes no argument in support of the relevance of this information.  (*See generally* ECF No. 3.)

Conversely, Mr. Murrey argues that the requested documents are irrelevant and burdensome.  (ECF 1-2 at 12.)  And Mr. Murrey suggests the information sought is both cumulative and duplicative of discovery Plaintiff's is seeking from Defendant.  (*Id.* at 13.)  Mr. Murry also contends that documents relating to his employment with Defendant are unrelated to the allegation of patent infringement and that he should not be forced to share the details of his employment history when he has done nothing wrong.  (*Id.* at 12-13.)

"A subpoena issued under Rule 45 must be relevant to the party's claim. The party seeking to compel discovery has the burden of establishing it meets the relevance requirement of Rule 26."  *Blue Line Foodservice Distribution, Inc,* 2025 WL 3496499 at *6 (citations omitted).  Plaintiff's opposition is silent as to the relevance of this request.  (*See generally* ECF No. 3.)  Moreover, this Court is hard-pressed to see how documentation, ESI, or other tangible things relating to Mr. Murrey's employment history

with Defendant is relevant to Plaintiff's intellectual property claims or why Plaintiff needs this information.  Without a showing of relevance, this request is unduly burdensome.  *See Visto Corp. v. Smartner Info. Sys., Ltd.,* 2007 WL 218771, at 4 (N.D. Cal. Jan. 29, 2007) (When considering the burden to produce documents, "[t]he touchstone of discovery remains relevance, however broadly that term may be construed.").

Accordingly, Court **GRANTS** Mr. Murrey's motion to quash this portion of the subpoena.

### B.    Deposition Testimony

A strong showing is required before a party will be denied entirely the right to take a deposition.  *Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975).  "[C]ourts should not bar a deposition 'absent extraordinary circumstances.'"  *DR Sys., Inc. v. Eastman Kodak Co.*, No. 08cv669-H (BLM), 2009 WL 2973008, at * 2 (S.D. Cal. Sept. 14, 2009) (quoting *Salter v Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)).  Generally, the party moving to quash the subpoena bears the burden of persuasion, but the party issuing the subpoena must demonstrate that the discovery sought is relevant.  *Luck v. Univ. of San Diego*, No. 13cv3088 JLS (BGS), 2014 WL 7111950, at *2 (S.D. Cal. Oct. 3, 2014) (citation omitted).  "Relevance is an exceedingly low bar."  *Blue Line Foodservice Distribution, Inc.*, 2025 WL 3496499 at *6 (internal quotation and citation omitted).

Here, Mr. Murrey asserts overarching arguments as to why he should not have to provide deposition testimony.  First, he argues that he should not have to be subjected to the expense and "stress of a deposition and the resulting distractions from his work with his current employer."  ECF No. 1-2 at 10.  Secondly, he maintains that the deposition testimony portion of the subpoena is unduly burdensome on him because "such information is available via party discovery and/or irrelevant to the underlying claims and defenses in the case."  *Id.* at 11.

The Court finds that it would not be unduly burdensome for Mr. Murrey to sit for deposition.  Plaintiff has already voluntarily agreed to limit the deposition to four hours.

For the reasons set forth above with request to document production, Mr. Murrey has relevant testimony to provide. For many of these topics, such as Topics 3, 4, and 5, Mr. Murrey has already represented that he has not documents and, presumably, little or no information about which to testify. This could potentially shorten the deposition further. For the reasons set forth above, Mr. Murrey need not submit to deposition questioning regarding Topic 8: Mr. Murrey's recruitment and hiring by Defendant and his departure from Defendant's employ. In all other respects, Mr. Murrey's motion to quash the subpoena as it relates to deposition testimony is **DENIED**.

### C. <u>Protective Order</u>

Finally, the Court turns to Mr. Murrey's request for the issuance of a protective order.

"It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where good cause is shown." *San Jose Mercury News, Inc., v. U.S. Dist. Ct.,* 187 F.3d 1096, 1103 (9th Cir. 1999). A protective order may be issued "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c).

To show the required good cause, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex. rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1210-11 (9th Cir. 2002). To evaluate whether Plaintiff has met the "good cause" standard of Rule 26(c), the Court must balance the need for discovery of the materials against the need for confidentiality. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips*, 307 F.3d at 1213). The Ninth Circuit has characterized the movant's burden to show good cause for a protective order denying discovery as a "heavy" one, given "the liberal discovery principles" of the Federal Rules of Civil Procedure. *Blankenship,* 519 F.2d at 429.

Here, Mr. Murrey has not met his "heavy burden" to show good cause for the requested protective order. Indeed, his request states that "good cause exists for the Court

3:26-cv-00829-RBM-JLB

to enter a protective order under Rule 26," ECF. No. 1-2 at 5 but provides no argument in support–Mr. Murrey simply relies on the alleged harm surrounding the "expense and stress of a deposition." *Id.* at 10. Such a statement does not demonstrate the requisite good cause. For example, Mr. Murrey has not: (1) demonstrated that his privacy interest in the documentation is more than *de minimis*; (2) shown that the information is being sought for an improper purpose; or (3) established that disclosure of the information would cause him embarrassment. Accordingly, the Court **DENIES** Mr. Murrey's request for a protective order.

## V.   CONCLUSION

Based on the foregoing, Mr. Murrey's Motion to Quash is **GRANTED IN PART** and **DENIED IN PART**. The Court **ORDERS** that by **May 29, 2026**, Mr. Murrey must produce to Plaintiff all documents in his position, custody and control that are responsive to Requests 1-8.

It is further **ORDERED** that by **May 29, 2026**, Mr. Murrey will sit for a four-hour deposition in a manner consistent with the restrictions outlined in this order.

**IT IS SO ORDERED**.

Dated: May 7, 2026

Hon. Jill L. Burkhardt
United States Magistrate Judge

3:26-cv-00829-RBM-JLB